**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BARBARA J. HOBBS,** | ) | **CASE NO. 1:26 CV 1248** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **vs.** | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **CITY OF EUCLID, et al.,** | ) | **AND ORDER** |
| | ) | |
| **Defendants.** | ) | |

*Pro se* Plaintiff Barbara J. Hobbs filed this action against the City of Euclid, the Euclid

Police Department, Officer Christopher Frato, Unknown Narcotics Officers, Nina M. Sakal and

"all other unknown parties."  (Doc. No. 1 at PageID #: 1)..  In the Complaint (Doc. No. 1),

Plaintiff indicates officers forcibly entered her residence using a battering ram to execute a

search warrant, and damaged her personal property.  She asserts claims for unreasonable search

and seizure and use of excessive force under the Fourth Amendment, civil conspiracy and

intentional infliction of emotional distress.  She seeks monetary damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis.*  (Doc. No. 2).  That

Application is granted.

## I.  BACKGROUND

Plaintiff's Complaint is very brief.  She alleges that on February 17, 2026, "officers

forcibly entered [her] residence using a battering ram without proper identification."  (Doc. No.

1 at PageID #: 1). She describes herself as an elderly cancer patient and contends she was detained while officers conducted a destructive search. She asserts that the warrant lacked specificity, probable cause, and scope, which resulted in an exploratory search. She states that her property was damaged and items were seized without justification. She asserts claims for violation of her Fourth Amendment rights, civil conspiracy and intentional infliction of emotional distress. She seeks monetary damages, and return of the property taken during the search..

## II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the

assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998)

### III.  ANALYSIS

As an initial matter, the Euclid Police Department is not a proper party to this action. It is not *sui juris*, meaning it is not a separate legal entity created under Ohio law that can sue or be sued. *See Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014) (finding that "under Ohio law, a county sheriff's office is not a legal entity that is capable of being sued"); *Gibson v. Mechanicsburg Police Dep't*, No. 3:16cv48, 2017 WL 2418317, at *5 (S.D. Ohio 2017) (Rice, D.J.) (Mechanicsburg police department not *sui juris* ). Instead, the Euclid Police Department is merely a subunit within the City of Euclid. Plaintiff's claim against the Euclid Police Department fail as a matter of law.

Plaintiff also fails to state a claim against the City of Euclid. Section 1983 does not permit a Plaintiff to sue a local government entity on the theory of *respondeat superior*. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692- 94 (1978). The term *respondeat superior* is Latin for "let the master answer" and is a form of vicarious liability in law, meaning one party (the employer) can be held legally responsible for the actions of another (the employee

or agent) when those actions occur during the course of employment. This doctrine is commonly applied in tort cases, where an employee's negligence or wrongful act causes harm to a third party. In an action under 42 U.S.C. § 1983, a local government entity cannot be sued on the theory of *respondeat superior*. *Monell v. New York City Dep't of Soc. Servs*., 436 U.S. 658, 692- 94 (1978). Instead, a Plaintiff may only hold a local government entity liable under § 1983 for the entity's own wrongdoing. *Id*.

A local government entity violates §1983 where its official policy or custom actually serves to deprive an individual of his or her constitutional rights. *Id*. A "municipal policy" includes "a policy statement, ordinance, regulation, or decision officially adopted and promulgated." *Powers v. Hamilton County Pub. Defender Comm'n*, 501 F.3d 592, 607 (6th Cir. 2007) (quoting *Monell*, 436 U.S. at 690). A "custom" for purposes of *Monell* liability must "be so permanent and well-settled as to constitute a custom or usage with the force of law." *Monell*, 436 U.S. at 691. It must reflect a course of action deliberately chosen from among various alternatives. *City of Oklahoma v. Tuttle*, 471 U.S. 808, 823 (1985). In short, a "custom" is a legal institution not memorialized by written law. *Feliciano v. City of Cleveland*, 988 F.2d 649, 655 (6th Cir. 1993). To state a claim for relief against a municipality under § 1983, a plaintiff must: (1) identify the particular municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy. *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003).

Plaintiff's only allegation of a policy or custom is stated as "Monell Liability (Failure to Train/Supervise). This is not sufficient to suggest a plausible claim against the City of Euclid.

-4-

The inadequacy of police training only serves as a basis for § 1983 liability where the City's failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact.  *Slusher v. Carson*, 540 F.3d 449, 457 (6th Cir. 2008)). To establish deliberate indifference, the Plaintiff may show prior instances of the same unconstitutional conduct demonstrating that the governmental entity has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury. *Id*.; *see also Gregory v. City of Louisville*, 444 F.3d 725, 752-53 (6th Cir.2006). In the alternative, where the constitutional violation was not alleged to be part of a pattern of past misconduct, Plaintiff may hold the municipality liable only if he or she alleges sufficient facts to suggest essentially a complete failure to train the police force or training that is so reckless or grossly negligent that future police misconduct is almost inevitable or would properly be characterized as substantially certain to result. *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir.1982).  Plaintiff does not allege any facts to support this allegation.  Instead she simply seeks to hold the City responsible for the actions of its individual officers.  This is *respondeat superior* liability, which cannot form the basis of a claim under 42 U.S.C. § 1983.

Finally, Plaintiff fails to state a claim against Officer Christopher Frato, Nina M. Sakal, "unknown narcotic officers," and "all other unknown parties."  Plaintiff cannot establish the liability of any Defendant absent a clear showing that the particular Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior.  *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995).  Plaintiff simply lists these Defendants in the case caption.  There are no

facts in the Complaint which suggest what actions each of these Defendants personally did that Plaintiff believes violated her constitutional rights.  Moreover, Plaintiff's designation of :unknown narcotic officers" and "all other unknown parties" is far too broad to hold any particular officer or person liable.  The claims against these Defendants must be dismissed.

## IV.  CONCLUSION

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted.  This action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

_____  6/1/2026
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[1]  28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

-6-